UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-cv-21811-UU

GIANFRANCO RONDON,

    Plaintiff,

v.

GIANFRANCO NAPOLITANO *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court upon Defendant's Motion for Sanctions. (D.E. 37.)

THE COURT has considered the pertinent portions of the record and is otherwise fully advised in the premises.

### I.  Background

This action involved a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and state law claims for a preliminary injunction and defamation.  In his Amended Complaint, filed May 28, 2015, Plaintiff Gianfranco Rondon alleged that Defendants Gianfranco Napolitano, Doral Newspaper, LLC, Doral News TV, Inc., Patricia Poleo and Jonathan Leon engaged in an extortion scheme against him by publishing a series of false and defamatory stories that negatively affected his business.  (Am. Compl. ¶ 21.)  According to Plaintiff, he was approached in January of 2015 to buy Doral Newspaper and Doral TV for $5,000,000 and when he refused to pay, Defendants published defamatory statements and stories in February and March of 2015.  (Am. Compl. ¶¶ 22–24.)  Plaintiff further alleged that Defendant Napolitano admitted to individuals that he would stop publishing stories about Plaintiff if paid $5,000,000

1

and that if he was not paid, he would publish further stories with larger news outlets. (Am. Compl. ¶¶ 31–33, 42.) To that end, Plaintiff's Amended Complaint alleged five counts: (1) a RICO claim under 18 U.S.C. § 1962; (2) a request for a preliminary injunction against all Defendants; (3) and three claims of defamation against Poleo, Doral News and Leon.

On June 18, 2015, Defendant moved to dismiss all counts for failure to state a claim upon which relief could be granted. (D.E. 18). On September 2, 2015, the Court granted Defendant's Motion to Dismiss, finding the Amended Complaint was insufficiently pled as to each claim. Specific to the RICO claim, Plaintiff: (i) failed to properly allege that the organizational structure of the enterprise was established for the purpose of conducting illegal activity; (ii) asserted conclusory allegations regarding a pattern of racketeering activity; (iii) failed to properly allege the two predicate acts of racketeering activity necessary to maintain a RICO action; and, (iv) asserted in conclusory fashion actual injury. (D.E. 40.) Regarding the defamation counts, the Court found, too, that Plaintiff insufficiently omitted facts to properly support his claims – e.g., failing, among other things, to specifically allege the false nature of the statement(s). *Id*.

Prior to ruling on Defendant's Motion to Dismiss, on July 15, 2015, the Court ordered, and Plaintiff complied with, the filing of a RICO Civil Case Statement. (D.E. 29.) In granting the Motion to Dismiss, the Court recognized that the RICO Civil Case Statement appeared to furnish more detail regarding the RICO claim but expressed misgivings whether the additional detail could withstand a subsequent Fed. R. Civ. P. 12(b)(6) motion.[1] (D.E. 40.)

---

[1] A Civil RICO Case Statement cannot serve as a substitute for amending a complaint; thus, the Court could not consider the allegations made in the Statement in ruling on Defendant's Motion to Dismiss. *Plunkett v. Poyner*, No. 08-60953-CIV, 2009 WL 5176542, at *4 (S.D. Fla. Dec. 22, 2009).

Nevertheless, the Court granted Plaintiff the right to file a second amended Complaint to address the pleading deficiencies, *id*.; Plaintiff declined that right and the Court dismissed the action on September 9, 2015. (D.E. 41).

Defendants, in their Motion for Sanctions, recapitulate the arguments made in their Motion to Dismiss, stating the RICO claim fell short of pleading standards, and consequently, the claim was objectively frivolous. D.E. 37. In response, Plaintiff, too, re-argues the RICO claims, but also asserts that he engaged in a pre-suit inquiry by obtaining three sworn statements (D.E. 37, 13-15) which provided an objective and good-faith basis for filing the claim. (D.E. 39)

### II.     Federal Rule of Civil Procedure Rule 11 Standard

Rule 11 mandates district courts to impose "appropriate sanctions," after notice and a reasonable opportunity to respond, where an attorney or party submits a pleading to the court that: (1) has no reasonable factual basis; (2) is not legally tenable; or, (3) is submitted in bad faith for an improper purpose. *See* Fed.R.Civ.P. 11(b). *Riccard v. Prudential Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002). The Eleventh Circuit has instructed that a Rule 11 analysis requires a two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous. *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). Sanctions are warranted when a party exhibits a "deliberate indifference to obvious facts," but not when the party's evidence to support a claim is "merely weak." *Id*. Accordingly, courts have held that a suit's denial of relief is not a sufficient condition to impose Rule 11 sanctions; rather, imposition of sanctions turns on whether a presented claim is plausible. *See O'Neal v. DeKalb County*, 850 F.2d 653, 658 (11th Cir. 1988).

Subsection (c) sets forth the procedural requirements for seeking sanctions. Fed. R. Civ. P. 11(c). A motion for sanctions must be made separately and "must describe the specific

conduct that allegedly violated Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Additionally, Rule 11 contains a safe harbor provision that is a perquisite to a party's filing a motion for sanctions. *See id*. The motion must be first served on opposing counsel, and filed with the court only if, within 21 days of the date of service, the challenged paper, claim, defense or denial is not withdrawn. *Id*.; *Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1350 (S.D. Fla. March 30, 2009).

Defendant's Motion fails on each procedural and substantive basis. Procedurally, Defendant's Motion (D.E. 37) and Reply to Plaintiff's Response in Opposition to Defendant's Motion for Sanctions (D.E. 42), fail to show with evidence that Plaintiff was notified and given 21 days to correct or withdraw the Amended Complaint prior to Defendant's filing the Motion with the Court. *Lazy Lee, LLC v. Lazy Lee Products LLC*, 2015 WL 3994852, at *4, n.2 (S.D. Fla. July 1, 2015) ("Defendants themselves have presented no evidence of their **own** compliance with the prerequisites of that Rule, such as the "safe harbor" provision, which puts the onus on the movant to first serve opposing counsel-but not file the motion-in order to provide counsel the opportunity to remedy any challenged filing before facing sanctions from the Court.") (emphasis in original).

On a substantive basis, Defendant's Motion does not allege Plaintiff pursued the action in bad faith or for an improper purpose; in essence, Defendant seeks to impose sanctions because of Plaintiff's failure to meet the heightened pleading requirements necessary for civil RICO actions under Fed. R. Civ. P. 9(b).[2]  In granting Defendant's Motion to Dismiss the Court admonished Plaintiff that— notwithstanding the Civil RICO Case Statement's providing more factual detail to support the claim—it had "serious doubts" whether a second amended Complaint could

---

[2] *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007) ("Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity.")

withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss. (D.E. 40). Nevertheless, as stated, the Court granted Plaintiff leave to file a second amended Complaint. *Id*. Put another way, the Court did not dismiss the Amended Complaint as meritless; rather, it recognized Plaintiff's claim as plausible but failing fundamentally at a pleading level. In the context of RICO claims, however, courts have generally refrained from imposing Rule 11 sanctions for a plaintiff's failure to meet pleading standards. *See Anderson v. Smithfield Foods*, 353. F.3d 912 (11th Cir. 2003) (reversing district court's imposition of sanctions after plaintiff's first and second amended complaints were dismissed under 12(b)(6) motions to dismiss, finding "scant" authority related to plaintiff's claim and ambiguous instruction from the district court in granting leave to amend to file the second amended complaint); *Official Publications v. Kable News Co*. 884 F.2d 664, 670 (2d Cir. 1989) (reversing district court's imposition of sanctions as premature where plaintiff had not had an opportunity to amend its complaint to more particularly allege fraud allegations); *cf. Doria v. Class Action Service, LLC*, 261 F.R.D. 678, 686-87 (S.D. Fla. Aug. 17, 2009) (holding "objectively frivolous" standard not met where plaintiffs' civil RICO claim was "flimsy" and inarticulate and plaintiffs' counsel was negligent in developing case but finding defendant had not conferred with counsel prior to moving for sanctions and sought sanctions after filing its motion to dismiss).

Thus, even if Defendant had complied with the safe harbor provision in Rule 11, the Motion does not satisfy the objectively frivolous standard on the basis Plaintiff slovenly pled his RICO claim. Notably, Plaintiff, who appears to have received no notice of Defendant's intent to pursue sanctions, did not further advance the claim after the Court entered its Order granting Defendant's Motion to Dismiss. Accordingly it is,

5

ORDERED AND ADJUDGED that Defendant's Motion for Sanctions, D.E. 37, is DENIED.

DONE AND ORDERED in Chambers, Miami, Florida, this \_6th\_\_\_ day of October, 2015.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record